1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   CHARLES SHELDON  Bar No. 155598
2  MARC BRAINICH  Bar No. 191034
   DEREK S. JOHNSON  Bar No. 220988
3  One Market Plaza
   Steuart Tower, 8th Floor
4  San Francisco, California 94105
   Telephone: (415) 781-7900
5  Facsimile: (415) 781-2635

6  Attorneys for Defendant
   GENERAL ELECTRIC COMPANY
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12  NAOMI BEAURMAN-WHITE, et al.,          CASE NO. CV 08-0230 EDL

13          Plaintiffs,                    **GENERAL ELECTRIC COMPANY'S**
                                           **ANSWER TO COMPLAINT FOR**
14      v.                                 **SURVIVAL, WRONGFUL DEATH --**
                                           **ASBESTOS;**
15  GENERAL ELECTRIC COMPANY, et
    al.,                                   **DEMAND FOR JURY TRIAL;**
16
            Defendants.                    **CERTIFICATION OF INTERESTED**
17                                         **ENTITIES**

18

19      Defendant GENERAL ELECTRIC COMPANY ("GE") hereby answers the Complaint

20  For Survival, Loss Of Consortium, Wrongful Death (Asbestos), filed by plaintiffs ("Plaintiffs")

21  on January 14, 2008, as follows:

22      1.      To the extent that paragraph 1 of the complaint consists of allegations of fact as to

23  Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

24  allegations of paragraph 1, and on such basis the allegations are denied.  To the extent that

25  paragraph 1 of the complaint consists of allegations of fact as to Plaintiffs' decedents, GE lacks

26  sufficient knowledge or information to form a belief as to the truth of the allegations of

27  paragraph 1, and on such basis the allegations are denied.

28      2.      To the extent that paragraph 2 of the complaint consists of allegations of fact as to

**SEDGWICK**
DETERT, MORAN & ARNOLD...

**Sedgwick**
Detert, Moran & Arnold, LLP

SF/1487997v1

-1-

ANSWER TO COMPLAINT FOR WRONGFUL DEATH        CASE NO. CV 08-0230 EDL

1  Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the

2  truth of the allegations of paragraph 2, and on such basis the allegations are denied.

3       3.    To the extent that paragraph 3 of the complaint consists of allegations of fact as to

4  Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

5  allegations of paragraph 3, and on such basis the allegations are denied.

6       4.    To the extent that paragraph 4 of the complaint consists of allegations of fact as to

7  Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the

8  truth of the allegations of paragraph 4, and on such basis the allegations are denied.  To the

9  extent that paragraph 4 of the complaint consists of allegations of fact as to other defendants, GE

10 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of

11 paragraph 4, and on such basis the allegations are denied.  To the extent that paragraph 4 of the

12 complaint consists of allegations of fact as to GE, GE denies such allegations.

13      5.    To the extent that paragraph 5 of the complaint consists of allegations of fact as to

14 Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the

15 truth of the allegations of paragraph 5, and on such basis the allegations are denied.  To the

16 extent that paragraph 5 of the complaint consists of allegations of fact as to other defendants, GE

17 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of

18 paragraph 5, and on such basis the allegations are denied.  To the extent that paragraph 5 of the

19 complaint consists of allegations of fact as to GE, GE denies such allegations.

20      6.    To the extent that paragraph 6 of the complaint consists of allegations of fact as to

21 Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

22 allegations of paragraph 6, and on such basis the allegations are denied.  To the extent that

23 paragraph 6 of the complaint consists of allegations of fact as to other defendants, GE lacks

24 sufficient knowledge or information to form a belief as to the truth of the allegations of

25 paragraph 6, and on such basis the allegations are denied.  GE denies the allegation that each

26 plaintiff claims damages for an asbestos-related disease arising from an identical series of

27 occurrences.  GE denies the allegation that each and every allegation of each plaintiff regarding

28 ////

SEDGWICK
DETERT, MORAN & ARNOLD LLP

Sedgwick
Detert, Moran & Arnold, LLP

SF/1487997v1

-2-

ANSWER TO COMPLAINT FOR WRONGFUL DEATH        CASE NO. CV 08-0230 EDL

1  the nature of their decedents' asbestos-related diseases, the nature of asbestos, the propensity of

2  asbestos to cause disease, and the criteria for diagnosis of disease are all identical.

3         7.     To the extent that paragraph 7 of the complaint consists of conclusions of law, GE

4  is not required to respond to it. To the extent that paragraph 7 of the complaint consists of

5  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

6  belief as to the truth of the allegations of paragraph 7, and on such basis the allegations are

7  denied.

8         8.     To the extent that paragraph 8 of the complaint consists of conclusions of law, GE

9  is not required to respond to it. To the extent that paragraph 8 of the complaint consists of

10  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

11  belief as to the truth of the allegations of paragraph 8, and on such basis the allegations are

12  denied.

13         9.     To the extent that paragraph 9 of the complaint consists of allegations of fact as to

14  Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

15  allegations of paragraph 9, and on such basis the allegations are denied. To the extent that

16  paragraph 9 of the complaint consists of allegations of fact as to other defendants, GE lacks

17  sufficient knowledge or information to form a belief as to the truth of the allegations of

18  paragraph 9, and on such basis the allegations are denied. GE denies that it is a corporation

19  incorporated under the laws of Connecticut. GE admits that its principal place of business is in

20  Connecticut. GE lacks sufficient knowledge or information to form a belief as to the truth of the

21  allegation that this court has original jurisdiction under 25 USC § 1332, and on such basis the

22  allegation is denied.

23        10.    To the extent that paragraph 10 of the complaint consists of conclusions of law,

24  GE is not required to respond to it. To the extent that paragraph 10 of the complaint consists of

25  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

26  belief as to the truth of the allegations of paragraph 10, and on such basis the allegations are

27  denied. To the extent that paragraph 10 of the complaint consists of allegations of fact as to

28  Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the



SEDGWICK
Detert, Moran & Arnold, LLP

SF/1487997v1           ANSWER TO COMPLAINT FOR WRONGFUL DEATH      CASE NO. CV 08-0230 EDL

1  allegations of paragraph 10, and on such basis the allegations are denied. GE lacks sufficient

2  knowledge or information to form a belief as to the truth of Plaintiffs' allegation that the

3  Northern District of California is the proper venue for this case, and on such basis the allegation

4  is denied.

5        11.  To the extent that paragraph 11 of the complaint consists of conclusions of law,

6  GE is not required to respond to it. To the extent that paragraph 11 of the complaint consists of

7  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

8  belief as to the truth of the allegations of paragraph 11, and on such basis the allegations are

9  denied. To the extent that paragraph 11 of the complaint consists of allegations of fact as to

10 Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

11 allegations of paragraph 11, and on such basis the allegations are denied. To the extent that

12 paragraph 11 of the complaint consists of allegations of fact as to GE, GE lacks sufficient

13 knowledge or information to form a belief as to the truth of the allegations of paragraph 11, and

14 on such basis the allegations are denied.

15       12.  To the extent that paragraph 12 of the complaint consists of allegations of fact as

16 to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

17 of the allegations of paragraph 12, and on such basis the allegations are denied. GE admits that,

18 in the past, it manufactured, distributed, supplied and sold certain products which contained

19 some quantity of asbestos and/or had component parts which may have contained some quantity

20 of asbestos, during a time period which may or may not be relevant to this case. Except to the

21 extent admitted, GE denies all other allegations of fact as to GE in paragraph 12 of the

22 complaint.

23       13.  To the extent that paragraph 13 of the complaint consists of conclusions of law,

24 GE is not required to respond to it. To the extent that paragraph 13 of the complaint consists of

25 allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

26 belief as to the truth of the allegations of paragraph 13, and on such basis the allegations are

27 denied. To the extent that paragraph 13 of the complaint consists of allegations of fact as to

28 Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

**Sedgwick**
Detert, Moran & Arnold, LLP

SF/1487997v1

ANSWER TO COMPLAINT FOR WRONGFUL DEATH        CASE NO. CV 08-0230 EDL

1  allegations of paragraph 13, and on such basis the allegations are denied.  To the extent that

2  paragraph 13 of the complaint consists of allegations of fact as to GE, GE denies such

3  allegations.

4       14.    To the extent that paragraph 14 of the complaint consists of conclusions of law,

5  GE is not required to respond to it.  To the extent that paragraph 14 of the complaint consists of

6  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

7  belief as to the truth of the allegations of paragraph 14, and on such basis the allegations are

8  denied.  To the extent that paragraph 14 of the complaint consists of allegations of fact as to GE,

9  GE denies such allegations.

10       15.    To the extent that paragraph 15 of the complaint consists of allegations of fact as

11  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

12  of the allegations of paragraph 15, and on such basis the allegations are denied.  To the extent

13  that paragraph 15 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks

14  sufficient knowledge or information to form a belief as to the truth of the allegations of

15  paragraph 15, and on such basis the allegations are denied.  To the extent that paragraph 15 of the

16  complaint consists of allegations of fact as to GE, GE denies such allegations.

17       16.    To the extent that paragraph 16 of the complaint consists of conclusions of law,

18  GE is not required to respond to it.  To the extent that paragraph 16 of the complaint consists of

19  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

20  belief as to the truth of the allegations of paragraph 16, and on such basis the allegations are

21  denied.  To the extent that paragraph 16 of the complaint consists of allegations of fact as to

22  Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the

23  truth of the allegations of paragraph 16, and on such basis the allegations are denied.  To the

24  extent that paragraph 16 of the complaint consists of allegations of fact as to GE, GE denies such

25  allegations.

26       17.    To the extent that paragraph 17 of the complaint consists of allegations of fact as

27  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

28  of the allegations of paragraph 17, and on such basis the allegations are denied.  To the extent

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

**Sedgwick**
Detert, Moran & Arnold, LLP
SF/1487997v1

-5-

ANSWER TO COMPLAINT FOR WRONGFUL DEATH    CASE NO. CV 08-0230 EDL

1   that paragraph 17 of the complaint consists of allegations of fact as to Plaintiffs' decedents, GE

2   lacks sufficient knowledge or information to form a belief as to the truth of the allegations of

3   paragraph 17, and on such basis the allegations are denied.  To the extent that paragraph 17 of the

4   complaint consists of allegations of fact as to GE, GE denies such allegations.

5        18.    GE admits that, over time, inhalation or ingestion of asbestos fibers can cause

6   lung disease and cancer.  Except to the extent admitted, GE denies all allegations of paragraph

7   18.

8        19.    To the extent that paragraph 19 of the complaint consists of allegations of fact as

9   to Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the

10  truth of the allegations of paragraph 19, and on such basis the allegations are denied.

11       20.    To the extent that paragraph 20 of the complaint consists of conclusions of law,

12  GE is not required to respond to it.  To the extent that paragraph 20 of the complaint consists of

13  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

14  belief as to the truth of the allegations of paragraph 20, and on such basis the allegations are

15  denied.  To the extent that paragraph 20 of the complaint consists of allegations of fact as to

16  Plaintiffs and/or Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a

17  belief as to the truth of the allegations of paragraph 20, and on such basis the allegations are

18  denied.  To the extent that paragraph 20 of the complaint consists of allegations of fact as to GE,

19  GE denies such allegations.

20       21.    To the extent that paragraph 21 of the complaint consists of conclusions of law,

21  GE is not required to respond to it.  To the extent that paragraph 21 of the complaint consists of

22  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

23  belief as to the truth of the allegations of paragraph 21, and on such basis the allegations are

24  denied.  To the extent that paragraph 21 of the complaint consists of allegations of fact as to

25  Plaintiffs and/or Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a

26  belief as to the truth of the allegations of paragraph 21, and on such basis the allegations are

27  denied.  To the extent that paragraph 21 of the complaint consists of allegations of fact as to GE,

28  GE denies such allegations.

**SEDGWICK**
DETERT, MORAN & ARNOLD..

**Sedgwick**
Detert, Moran & Arnold, LLP

SF/1487997v1

-6-

ANSWER TO COMPLAINT FOR WRONGFUL DEATH          CASE NO. CV 08-0230 EDL

22.     To the extent that paragraph 22 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 22 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 22, and on such basis the allegations are denied. To the extent that paragraph 22 of the complaint consists of allegations of fact as to Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 22, and on such basis the allegations are denied. To the extent that paragraph 22 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

23.     To the extent that paragraph 23 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 23 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 23, and on such basis the allegations are denied. To the extent that paragraph 23 of the complaint consists of allegations of fact as to Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 23, and on such basis the allegations are denied. To the extent that paragraph 23 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

24.     To the extent that paragraph 24 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 24, and on such basis the allegations are denied. To the extent that paragraph 24 of the complaint consists of allegations of fact as to Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 24, and on such basis the allegations are denied. To the extent that paragraph 24 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

25.     To the extent that paragraph 25 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 25 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

SEDGWICK
DETERT, MORAN & ARNOLD LLP

**Sedgwick**
Detert, Moran & Arnold, LLP

SF/1487997v1

-7-

1    belief as to the truth of the allegations of paragraph 25, and on such basis the allegations are

2    denied. To the extent that paragraph 25 of the complaint consists of allegations of fact as to GE,

3    GE denies such allegations.

4        26.    To the extent that paragraph 26 of the complaint consists of conclusions of law,

5    GE is not required to respond to it. To the extent that paragraph 26 of the complaint consists of

6    allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

7    belief as to the truth of the allegations of paragraph 26, and on such basis the allegations are

8    denied. To the extent that paragraph 26 of the complaint consists of allegations of fact as to GE,

9    GE denies such allegations.

10       27.    To the extent that paragraph 27 of the complaint consists of conclusions of law,

11   GE is not required to respond to it. To the extent that paragraph 27 of the complaint consists of

12   allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

13   belief as to the truth of the allegations of paragraph 27, and on such basis the allegations are

14   denied. To the extent that paragraph 27 of the complaint consists of allegations of fact as to GE,

15   GE denies such allegations.

16       28.    GE incorporates by reference as though fully set forth herein paragraphs 1 through

17   27 of this Answer.

18       29.    To the extent that paragraph 29 of the complaint consists of allegations of fact as

19   to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

20   of the allegations of paragraph 29, and on such basis the allegations are denied. To the extent

21   that paragraph 29 of the complaint consists of allegations of fact as to GE, GE denies such

22   allegations.

23       30.    To the extent that paragraph 30 of the complaint consists of conclusions of law,

24   GE is not required to respond to it. To the extent that paragraph 30 of the complaint consists of

25   allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

26   belief as to the truth of the allegations of paragraph 30, and on such basis the allegations are

27   denied. To the extent that paragraph 30 of the complaint consists of allegations of fact as to

28   Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the

SEDGWICK
DETERT, MORAN & ARNOLD LLP

Sedgwick
Detert, Moran & Arnold, LLP

SF/1487997v1

-8-

ANSWER TO COMPLAINT FOR WRONGFUL DEATH        CASE NO. CV 08-0230 EDL

1  truth of the allegations of paragraph 30, and on such basis the allegations are denied.  To the

2  extent that paragraph 30 of the complaint consists of allegations of fact as to GE, GE denies such

3  allegations.

4      31.    To the extent that paragraph 31 of the complaint consists of allegations of fact as

5  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

6  of the allegations of paragraph 31, and on such basis the allegations are denied.  To the extent

7  that paragraph 30 of the complaint consists of allegations of fact as to Plaintiffs' decedents, GE

8  lacks sufficient knowledge or information to form a belief as to the truth of the allegations of

9  paragraph 31, and on such basis the allegations are denied.  To the extent that paragraph 31 of the

10  complaint consists of allegations of fact as to GE, GE denies such allegations.  GE lacks

11  sufficient knowledge or information to respond to the allegation that exposed persons did not

12  know of the substantial danger of using said products and, on that basis, denies it.

13      32.    To the extent that paragraph 32 of the complaint consists of allegations of fact as

14  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

15  of the allegations of paragraph 32, and on such basis the allegations are denied.  To the extent

16  that paragraph 32 of the complaint consists of allegations of fact as to GE, GE denies such

17  allegations.

18      33.    To the extent that paragraph 33 of the complaint consists of allegations of fact as

19  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

20  of the allegations of paragraph 33, and on such basis the allegations are denied.  To the extent

21  that paragraph 33 of the complaint consists of allegations of fact as to GE, GE denies such

22  allegations.

23      34.    To the extent that paragraph 34 of the complaint consists of allegations of fact as

24  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

25  of the allegations of paragraph 34, and on such basis the allegations are denied.  To the extent

26  that paragraph 34 of the complaint consists of allegations of fact as to GE, GE denies such

27  allegations.

28      35.    To the extent that paragraph 35 of the complaint consists of allegations of fact as

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

**Sedgwick**
Detert, Moran & Arnold, LLP

ANSWER TO COMPLAINT FOR WRONGFUL DEATH        CASE NO. CV 08-0230 EDL

1  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

2  of the allegations of paragraph 35, and on such basis the allegations are denied.  To the extent

3  that paragraph 35 of the complaint consists of allegations of fact as to Plaintiffs' decedents, GE

4  lacks sufficient knowledge or information to form a belief as to the truth of the allegations of

5  paragraph 35, and on such basis the allegations are denied.  To the extent that paragraph 35 of the

6  complaint consists of allegations of fact as to GE, GE denies such allegations.

7       36.   To the extent that paragraph 36 of the complaint consists of conclusions of law,

8  GE is not required to respond to it.  To the extent that paragraph 36 of the complaint consists of

9  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

10  belief as to the truth of the allegations of paragraph 36, and on such basis the allegations are

11  denied.  To the extent that paragraph 36 of the complaint consists of allegations of fact as to GE,

12  GE denies such allegations.

13       37.   To the extent that paragraph 37 of the complaint consists of allegations of fact as

14  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

15  of the allegations of paragraph 37, and on such basis the allegations are denied.  To the extent

16  that paragraph 37 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs'

17  decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the

18  allegations of paragraph 37, and on such basis the allegations are denied.  To the extent that

19  paragraph 37 of the complaint consists of allegations of fact as to GE, GE denies such

20  allegations.

21       38.   To the extent that paragraph 38 of the complaint consists of allegations of fact as

22  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

23  of the allegations of paragraph 38, and on such basis the allegations are denied.  To the extent

24  that paragraph 38 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs'

25  decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the

26  allegations of paragraph 38, and on such basis the allegations are denied.  To the extent that

27  paragraph 38 of the complaint consists of allegations of fact as to GE, GE denies such

28  allegations.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

**Sedgwick**
Detert, Moran & Arnold, LLP
SF/1487997v1

-10-

ANSWER TO COMPLAINT FOR WRONGFUL DEATH   CASE NO. CV 08-0230 EDL

1       39.     GE incorporates by reference as though fully set forth herein paragraphs 1 through

2    38 of this Answer.

3       40.     To the extent that paragraph 40 of the complaint consists of conclusions of law,

4    GE is not required to respond to it.  To the extent that paragraph 40 of the complaint consists of

5    allegations of fact as to Plaintiffs and/or Plaintiffs' decedents, GE lacks sufficient knowledge or

6    information to form a belief as to the truth of the allegations of paragraph 40, and on such basis

7    the allegations are denied.

8       41.     To the extent that paragraph 41 of the complaint consists of conclusions of law,

9    GE is not required to respond to it.  To the extent that paragraph 41 of the complaint consists of

10   allegations of fact as to Plaintiffs and/or Plaintiffs' decedents, GE lacks sufficient knowledge or

11   information to form a belief as to the truth of the allegations of paragraph 41, and on such basis

12   the allegations are denied.

13      42.     To the extent that paragraph 42 of the complaint consists of allegations of fact as

14   to other defendants, GE  lacks sufficient knowledge or information to form a belief as to the truth

15   of the allegations of paragraph 42, and on such basis the allegations are denied.  To the extent

16   that paragraph 42 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs'

17   decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the

18   allegations of paragraph 42, and on such basis the allegations are denied.  To the extent that

19   paragraph 42 of the complaint consists of allegations of fact as to GE, GE denies such

20   allegations.

21      43.     To the extent that paragraph 43 of the complaint consists of allegations of fact as

22   to Plaintiffs and/or Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a

23   belief as to the truth of the allegations of paragraph 43, and on such basis the allegations are

24   denied.

25      44.     To the extent that paragraph 44 of the complaint consists of allegations of fact as

26   to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

27   of the allegations of paragraph 44, and on such basis the allegations are denied.  To the extent

28   that paragraph 44 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs'

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

Sedgwick
Detert, Moran & Arnold, LLP

SF/1487997v1

-11-

1  decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the

2  allegations of paragraph 44, and on such basis the allegations are denied. To the extent that

3  paragraph 44 of the complaint consists of allegations of fact as to GE, GE denies such

4  allegations.

5      45.    To the extent that paragraph 45 of the complaint consists of allegations of fact as

6  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

7  of the allegations of paragraph 45, and on such basis the allegations are denied. To the extent

8  that paragraph 45 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs'

9  decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the

10  allegations of paragraph 45, and on such basis the allegations are denied. To the extent that

11  paragraph 45 of the complaint consists of allegations of fact as to GE, GE denies such

12  allegations.

13      46.    GE incorporates by reference as though fully set forth herein paragraphs 1 through

14  45 of this Answer.

15      47.    To the extent that paragraph 47 of the complaint consists of allegations of fact as

16  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

17  of the allegations of paragraph 47, and on such basis the allegations are denied. To the extent

18  that paragraph 47 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs'

19  decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the

20  allegations of paragraph 47, and on such basis the allegations are denied. To the extent that

21  paragraph 47 of the complaint consists of allegations of fact as to GE, GE denies such

22  allegations.

23  ## RESPONSE TO PLAINTIFFS' PRAYER

24      GE further denies that Plaintiffs are entitled to any damages to the extent Plaintiffs seek

25  damages from GE and denies that Plaintiffs are entitled to any relief from GE to the extent

26  Plaintiffs seek any relief from GE. Further answering, GE lacks information or knowledge

27  sufficient to respond to each and every allegation in Plaintiffs' prayer for judgment and, on that

28  basis, denies them.

**SEDGWICK**
Detert, Moran & Arnold...

Sedgwick
Detert, Moran & Arnold, LLP
SF/1487997v1

-12-

ANSWER TO COMPLAINT FOR WRONGFUL DEATH        CASE NO. CV 08-0230 EDL

## SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSES

By alleging the Separate and Additional Affirmative Defenses set forth below, GE is not in any way agreeing or conceding that it has the burden of proof or burden of persuasion on any of these issues.

### FIRST AFFIRMATIVE DEFENSE

48.    GE alleges that said complaint and each cause of action therein fails to state facts sufficient to constitute a cause of action against GE.

### SECOND AFFIRMATIVE DEFENSE

49.    GE alleges that the causes of action, if any, attempted to be stated and set forth in said complaint are barred by the applicable statutes of limitations, including, but not limited to, the provisions of Code of Civil Procedure Sections 335.1, 338, 340.2 and 361.

### THIRD AFFIRMATIVE DEFENSE

50.    GE alleges that the causes of action, if any, attempted to be stated and set forth in said complaint are barred in whole or in part by the equitable doctrines of waiver, estoppel, and laches.

### FOURTH AFFIRMATIVE DEFENSE

51.    GE alleges that Plaintiffs' decedents, ROBERT L. WHITE, DANIEL K. CAMPBELL, and JOSEPH KOTARSKY ("Decedents") and others were negligent or otherwise at fault in and about the matters referred to in said complaint, and that such negligence and/or other fault bars or diminishes Plaintiffs' recovery against GE.

### FIFTH AFFIRMATIVE DEFENSE

52.    GE alleges that Decedents were solely negligent in and about the matters alleged in said complaint and that such negligence on the part of Decedents was the sole proximate cause of the injuries and damages complained of by Plaintiffs, if any there were.

### SIXTH AFFIRMATIVE DEFENSE

53.    GE alleges that Decedents assumed the risk of the matters referred to in said complaint, that Decedents knew and appreciated the nature of the risk, and that Decedents voluntarily accepted the risk.



**Sedgwick**
Detert, Moran & Arnold, LLP

SF/1487997v1

ANSWER TO COMPLAINT FOR WRONGFUL DEATH          CASE NO. CV 08-0230 EDL

1

2

**SEVENTH AFFIRMATIVE DEFENSE**

3    54.    GE is informed and believes and thereon alleges that Decedents misused and

4  abused the products referred to in said complaint, and failed to follow instructions, and that such

5  misuse, abuse and failure to follow instructions on the part of Decedents proximately caused and

6  contributed to the injuries and damages complained of in said complaint, if any there were.

7

**EIGHTH AFFIRMATIVE DEFENSE**

8    55.    GE alleges that if Decedents sustained injuries attributable to the use of any

9  product manufactured, supplied, or distributed by GE, which allegations are expressly denied, the

10  injuries were solely caused by and attributable to the unreasonable, unforeseeable, and

11  inappropriate purpose and improper use which was made of the product.

12

**NINTH AFFIRMATIVE DEFENSE**

13    56.    GE alleges that if there was any negligence proximately causing the injuries or

14  damages sustained by Plaintiffs, if any, such negligence, if any, was solely that of the defendants,

15  persons, firms, or entities other than GE.

16

**TENTH AFFIRMATIVE DEFENSE**

17    57.    GE alleges that there is no privity between Plaintiffs or Decedents and GE.

18

**ELEVENTH AFFIRMATIVE DEFENSE**

19    58.    GE alleges that it gave no warranties, either express or implied, to Decedents and

20  that neither Decedents nor others ever notified GE of any claims of breach of warranty, if any

21  there were.

22

**TWELFTH AFFIRMATIVE DEFENSE**

23    59.    GE alleges that said complaint and each cause of action therein is barred with

24  respect to this answering defendant by the provisions of the Workers' Compensation Act,

25  including but not limited to Sections 3600, 3601, and 5300 of the Labor Code of the State of

26  California.

27

**THIRTEENTH AFFIRMATIVE DEFENSE**

28    60.    GE alleges that if there was any negligence proximately causing the injuries or

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

**Sedgwick**
Detert, Moran & Arnold, LLP

SF/1487997v1

-14-

1 damages, if any, sustained by Decedents, such negligence, if any, is collateral negligence, as that

2 term is used and defined in Restatement 2d Torts, Section 426 and derivative authority.

## FOURTEENTH AFFIRMATIVE DEFENSE

4      61.    GE alleges that at the time of the matters referred to in the complaint, Decedents

5 were employed by employers other than GE and were entitled to and received workers'

6 compensation benefits from their employers; and that if there was any negligence proximately

7 causing the injuries and damages sustained by Plaintiffs, if any, such negligence, if any, was that

8 of Decedents' employers.

## FIFTEENTH AFFIRMATIVE DEFENSE

10      62.    GE alleges that Plaintiffs' claims, and each of them, and this action, are

11 preempted by federal statutes and regulations governing work place exposure to asbestos.

## SIXTEENTH AFFIRMATIVE DEFENSE

13      63.    GE alleges that the products referred to in said complaint, if manufactured by GE

14 at all, were manufactured in strict compliance with United States government specifications, and

15 that the hazards associated with use of the products, if any, were known equally to the

16 government and GE.  Boyle v. United Technologies Corp., 487 U.S. 500 (1988).

## SEVENTEENTH AFFIRMATIVE DEFENSE

18      64.    GE alleges that to the extent said complaint purports to state a cause of action or

19 basis for recovery under Sindell v. Abbott Laboratories (1990) 26 Cal. 3d 588, it is barred by

20 Plaintiffs' failure to join as defendants the manufacturers of a substantial share of the asbestos

21 products market, to which asbestos products Decedents were allegedly exposed, thereby causing

22 the damages alleged; and, should it prove impossible to identify the manufacturer of the product

23 that allegedly injured Decedents, said purported claim or cause of action is barred by the fault of

24 Plaintiffs and their agents in making identification of the manufacturer impossible.

## EIGHTEENTH AFFIRMATIVE DEFENSE

26      65.    GE alleges that, to the extent said complaint purports to state a cause of action or

27 basis for recovery upon lack of identification of the manufacturer of the alleged injury-causing

28 product, it fails to state facts sufficient to constitute a cause of action in that Plaintiffs have

1  asserted claims for relief which, if allowed, would contravene GE's constitutional rights to

2  substantive due process of law, as preserved by the Fourteenth Amendment to the Constitution of

3  the United States and by Article I, Section 7 of the Constitution of the State of California.

4  ### NINETEENTH AFFIRMATIVE DEFENSE

5      66.    GE alleges that said complaint, to the extent that it seeks exemplary or punitive

6  damages pursuant to California Civil Code Section 3294, violates GE's right to procedural due

7  process under the Fourteenth Amendment of the United States Constitution, and Article I,

8  Section 7 of the Constitution of the State of California, and therefore fails to state a cause of

9  action upon which either punitive or exemplary damages can be awarded.

10  ### TWENTIETH AFFIRMATIVE DEFENSE

11      67.    GE alleges that said complaint, to the extent that is seeks punitive or exemplary

12  damages pursuant to California Civil Code Section 3294, violates GE's right to protection from

13  "excessive fines" as provided in the Eighth Amendment of the United States Constitution and

14  Article I, Section 17 of the Constitution of the State of California, and violates GE's right to

15  substantive due process as provided in the Fifth and Fourteenth Amendments of the United States

16  Constitution and the Constitution of the State of California, and therefore fails to state a cause of

17  action supporting the punitive or exemplary damages claimed.

18  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

19      68.    GE alleges that said complaint, and each cause of action therein, fails to state facts

20  sufficient to warrant an award of punitive or exemplary damages against GE.

21  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

22      69.    GE alleges that at all relevant times Decedents' employers were sophisticated

23  users of asbestos-containing products, and that said employers were aware of the dangers, if any,

24  of asbestos-containing products, and that said employers' negligence in providing the products to

25  their employees in a negligent, careless and reckless manner was a superseding intervening cause

26  of Decedents' injuries, if any.

27  ### TWENTY-THIRD AFFIRMATIVE DEFENSE

28      70.    GE alleges that at all relevant times Decedents were sophisticated users of

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

**Sedgwick**
Detert, Moran & Arnold, LLP

SF/1487997v1

-16-

ANSWER TO COMPLAINT FOR WRONGFUL DEATH    CASE NO. CV 08-0230 EDL

1   asbestos-containing products, that Decedents were aware, or should have been aware, of the

2   dangers, if any, of asbestos-containing products, and that the sophisticated user doctrine is a

3   complete bar to Plaintiffs' claims against GE as a matter of law.  <u>Johnson v. American Standard,</u>

4   <u>Inc., et al.</u> (2005) 34 Cal.Rptr.3d 863.

5   **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

6       71.    GE alleges that the "peculiar risk" doctrine is not applicable to the causes of

7   action attempted to be stated and set forth against this defendant, because the injuries and

8   damages complained of in the complaint, if any there were, arose in the course and scope of

9   Decedents' employment by an independent contractor.

10   **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

11       72.    GE alleges that Plaintiffs are barred from recovery in that all products produced

12   by GE were in conformity with the existing state-of-the-art, and as a result, these products were

13   not defective in any manner.

14   **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

15       73.    GE alleges that the causes of action, if any, attempted to be stated and set forth in

16   said complaint for negligence per se are barred by California Labor Code Section 6304.5, and

17   derivative authority.

18   **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

19       74.    GE alleges that Plaintiffs and/or Decedents failed to exercise due diligence to

20   mitigate their losses, injuries or damages, if any, and, accordingly, the amount of damages to

21   which Plaintiffs are entitled, if any, should be reduced by the amount of damages which

22   otherwise would have been mitigated.

23   **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

24       75.    GE alleges that it had no knowledge, either actual or constructive, and by the

25   application of reasonable, developed human skills and foresight had no reason to know of the

26   propensities, if any, of any product allegedly manufactured, supplied, applied and/or sold by GE

27   to cause or contribute to the creation of medical conditions or circumstances involving alleged

28   ////

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1  injuries to the lungs, respiratory and cardiovascular systems, including cancer, mesothelioma, or

2  any other illness or any type whatsoever.

3  ### TWENTY-NINTH AFFIRMATIVE DEFENSE

4  76.    GE alleges that the provisions of California Civil Code Section 1431.2 are

5  applicable to the Complaint and each cause of action therein.

6  ### THIRTIETH AFFIRMATIVE DEFENSE

7  77.    GE alleges that unforeseen and unforeseeable acts and omissions by others

8  constitute a superseding, intervening cause of Plaintiffs' injuries, if any.

9  ### THIRTY-FIRST AFFIRMATIVE DEFENSE

10  78.    GE alleges that each of Plaintiffs' claims, and this entire action, are preempted by

11  all applicable federal law relating to railroads, their equipment, and/or alleged injuries and

12  damages arising therefrom, including but not limited to the Locomotive Boiler Inspection Act, 49

13  U.S.C. sections 20701 et seq.

14  ### THIRTY-SECOND AFFIRMATIVE DEFENSE

15  79.    The matters alleged in said complaint are encompassed within and barred by a

16  settlement and release agreement reached by the parties, which operates as a merger and bar

17  against any further litigation on matters raised or potentially raised in connection with the

18  settlement and release.

19  ### THIRTY-THIRD AFFIRMATIVE DEFENSE

20  80.    To the extent that Plaintiffs and/or Decedents have reached an accord with GE

21  regarding this litigation and this accord was then properly satisfied, the claims, causes of action,

22  and theories of liability asserted in said complaint are barred by the doctrine of accord and

23  satisfaction.

24  ### THIRTY-FOURTH AFFIRMATIVE DEFENSE

25  81.    To the extent that Plaintiffs and/or Decedents released, settled, entered into an

26  accord and satisfaction, or otherwise compromised the claims herein, said claims are barred.

27  ////

28  ////

SEDGWICK
DETERT, MORAN & ARNOLD LLP

Sedgwick
Detert, Moran & Arnold, LLP

1

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

2      82.    The claims asserted in said complaint have been settled, compromised or

3 otherwise discharged and GE is due a set off.

4

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

5      83.    To the extent that Plaintiffs and/or Decedents previously filed a dismissal in court

6 dismissing with prejudice all of the asserted claims, causes of action , and other theories of

7 liability against GE, the matters alleged in said complaint are barred by retraxit.

8

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

9      84.    Plaintiffs' claims herein are barred based on the primary right and res judicata

10 doctrines which prohibit splitting a single cause of action into successive suits, and seeking new

11 recovery for injuries for which the plaintiff was previously compensated by alleged joint

12 tortfeasors.

13

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

14      85.    Defendant alleges that the causes of action, if any, attempted to be stated and set

15 forth in said complaint are barred by applicable statutes of repose, including statutes of repose in

16 other states that are applicable to this action pursuant to California Code of Civil Procedure

17 section 361.

18

## THIRTY-NINTH AFFIRMATIVE DEFENSE

19      86.    GE alleges that the causes of action, if any, attempted to be stated and set forth in

20 said complaint are barred by laches.

21 ////

22 ////

23 ////

24 ////

25 ////

26 ////

27 ////

28 ////

1

## **PRAYER**

2   WHEREFORE, GE prays that Plaintiffs take nothing by reason of their complaint as to

3  GE and that GE has judgment for its costs of suit and attorneys' fees and for such other and

4  further relief as this Court may deem just and proper.

5

6  DATED: February 19, 2008          SEDGWICK, DETERT, MORAN & ARNOLD LLP

7

8                                    By:        /S/    Derek S. Johnson
                                            Derek S. Johnson
9                                           Attorneys for Defendant
                                            GENERAL ELECTRIC COMPANY
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

**Sedgwick**
Detert, Moran & Arnold, LLP

SF/1487997v1

ANSWER TO COMPLAINT FOR WRONGFUL DEATH          CASE NO. CV 08-0230 EDL

1

**JURY DEMAND**

2    GE hereby demands a trial by jury of the captioned matter.

3

4    DATED: February 15, 2008        SEDGWICK, DETERT, MORAN & ARNOLD LLP

5

6

7                By:_____/S/_Derek S. Johnson_____
                        Derek S. Johnson
                        Attorneys for Defendant
8                       GENERAL ELECTRIC COMPANY

9

10    **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

11    Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than

12    the named parties, there is no such interest to report.

13

14    DATED: February 15, 2008        SEDGWICK, DETERT, MORAN & ARNOLD LLP

15

16

17                By:_____/S/__Derek S. Johnson_____
                        Derek S. Johnson
                        Attorneys for Defendant
18                       GENERAL ELECTRIC COMPANY

19

20

21

22

23

24

25

26

27

28

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

**Sedgwick**
Detert, Moran & Arnold, LLP

SF/1487997v1

ANSWER TO COMPLAINT FOR WRONGFUL DEATH        CASE NO. CV 08-0230 EDL