1  ALAN R. BRAYTON, ESQ., S.B. #73685
   DAVID R. DONADIO, ESQ., S.B. #154436
2  BRAYTON❖PURCELL LLP
   Attorneys at Law
3  222 Rush Landing Road
   P.O. Box 6169
4  Novato, California 94948-6169
   (415) 898-1555
5  (415) 898-1247 (Fax No.)

6  Attorneys for Plaintiffs

7

8 **THE UNITED STATES DISTRICT COURT**

9 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10 **SAN FRANCISCO DIVISION**

11

| | |
|---|---|
| 12  NAOMI BEAURMAN-WHITE, etc. et al. ) | No. C08-230-MHP |
| 13       Plaintiffs,             ) | |
| 14  vs.                          ) | MOTION TO STAY PROCEEDING; [PROPOSED] ORDER TO STAY |
| 15  GENERAL ELECTRIC COMPANY, et al., ) | |
| 16       Defendants.             ) | |

17

18       Pursuant to Civil L. R. 7-11 and 7-12, Plaintiffs hereby respectfully move the Court for

19 an Order staying this action pending transfer of the case to the Asbestos Multi-District Litigation

20 (MDL) before the Honorable James T. Giles, United States District Judge, Eastern District of

21 Pennsylvania, for the following good cause:

22       On February 27, 2008, the Court issued an Order staying this matter pending the MDL

23 transfer and vacating all case management Deadlines (Document 11).   This was in response to

24 the Joint Stipulated Motion of Defendant GENERAL ELECTRIC COMPANY and Plaintiffs

25 filed February 26, 2008 (Document 10).

26       On March 18, 2008, upon reassignment of the case from the Honorable Elizabeth D.

27 Laporte to the Honorable Marilyn Hall Patel, the Court issued its *Clerk's Notice (Scheduling*

28 *Case Management Conference in Reassigned Case)*, Document 14, setting a Case Management

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1  Conference for April 21, 2008.

2  Since the filing of the Clerk's Notice on March 18, 2008, the Judicial Panel on
3  Multidistrict Litigation ("JPML"), pursuant to 28 U.S.C. § 1407, and the July 29, 1991 Order of
4  the JPML found at 771 F.Supp.415 (JPML 1991), issued its Conditional Transfer Order (CTO-
5  304), a copy of which is attached to this Motion for reference. The "Condition" in this Transfer
6  Order is to allow 15 days from the entry of the Order to allow any party to file a notice of
7  opposition to the transfer. Plaintiffs do not oppose transfer, nor presumably Defendant
8  GENERAL ELECTRIC COMPANY, who initiated the transfer process. Upon filing with the
9  Clerk of the Eastern District of Pennsylvania, the transfer of this case to Judge Giles' Jurisdiction
10 will be in effect.

11 On February 19, 2008, Defendant GENERAL ELECTRIC COMPANY filed a Notice to
12 Tag Along Action seeking to move Jurisdiction into the Asbestos MDL in Pennsylvania. The
13 attached CTO-304 was issued pursuant to that Notice.

14 On July 29, 1991, the JPML entered an order transferring all asbestos personal injury
15 cases pending in the federal courts to the United States District Court for the Eastern District of
16 Pennsylvania, for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407. That order also
17 applies to "tag-along actions," or actions involving common questions of fact filed after January
18 17, 1991. Such actions are to be transferred to the eastern District of Pennsylvania as part of
19 MDL 875, for coordinated pretrial proceedings.

20 The JPML has held that a district court has the authority to stay pending a transfer order.
21 *In re Asbestos Products Liability Litigation,* 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001)
22 ("[T]hose courts concluding that such issues should be addressed by the transferee judge need
23 not rule on them, and the process of 1407 transfer in MDL-875 can continue without any
24 unnecessary interruption or delay.")

25 Both Plaintiffs and Defendant GENERAL ELECTRIC COMPANY, as expressed in
26 their stipulation filed February 26, 2008, agree that it is likely that the JPML will transfer this
27 matter to the Eastern District of Pennsylvania. Plaintiffs assert, based on prior experience, that
28 transfer is an inevitability - every similar action filed by counsel has been transferred in like

1  manner.     It is therefore likely the Case Management deadlines set by the *Clerk's Notice*
2  *(Scheduling Case Management Conference in Reassigned Case)* of March 18, 2008 (Document
3  14), especially the April 11, 2008 deadline for the Joint Case Management Statement, will come
4  to pass before the transfer is complete, and before notice is mailed by the Eastern District of
5  Pennsylvania to the Northern District of California that they have received the JPML's Order.
6      In addition, Defendant ELECTRIC BOAT CORPORATION has not filed an answer.
7  Plaintiffs are attempting to personally serve the agent for Defendant ELECTRIC BOAT
8  CORPORATION because of their lack of response to service made earlier by Certified Mail.
9      Plaintiff makes this Motion on the grounds that a stay of this action would (a) promote
10 judicial efficiency, (b) allow consistency in pretrial rulings, and (c) be most convenient to the
11 parties.
12     Due to the pending action by the Clerk of the JPML, Plaintiffs respectfully request the
13 Court VACATE its *Clerk's Notice (Scheduling Case Management Conference in Reassigned*
14 *Case)* of March 18, 2008 (Document 14) and that the Court issue an Order STAYING this action
15 pending the transfer to the Honorable James T. Giles.
16 Dated: March 31, 2008                    BRAYTON❖PURCELL LLP
17                                           /s/ David R. Donadio
18                                   By: _____
                                         David R. Donadio
19                                       Attorneys for Plaintiffs
20         [PROPOSED]    **ORDER TO STAY**
21    IT IS HEREBY ORDERED that the hearing date and deadlines specified in the *Clerk's*
22 *Notice (Scheduling Case Management Conference in Reassigned Case)* of March 18, 2008
23 (Document 14), are hereby VACATED and that this action is STAYED pending transfer to the
24 Asbestos MDL in the U.S. District Court for the Eastern District of Pennsylvania.
25
26 Dated: _____
27                                     _____ .
                                       Marilyn Hall Patel
28                                     United States District Judge

K:\Injured\107348\Fed\Mtn Stay after Stay.wpd        3
MOTION TO STAY PROCEEDING; [PROPOSED] ORDER TO STAY   – C08-230-MHP

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 20 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                                                 MDL No. 875

(SEE ATTACHED SCHEDULE)

## CONDITIONAL TRANSFER ORDER (CTO-304)

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. See 771 F.Supp. 415 (J.P.M.L. 1991). Since that time, 82,800 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable James T. Giles.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Giles.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, and, with the consent of that court, assigned to the Honorable James T. Giles.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                                           MDL No. 875

### SCHEDULE CTO-304 - TAG-ALONG ACTIONS

**DIST. DIV. C.A. #**             **CASE CAPTION**

ALABAMA MIDDLE
  ALM 2  08-46            Daniel R. Brown, et al. v. Albany International, et al.

CALIFORNIA CENTRAL
  CAC 2  08-118            Robert Oberstar, et al. v. CBS Corp., et al.
  CAC 2  08-282            Ted Munn, et al. v. CLA-VAL Co., et al.
  CAC 2  08-712            David Kelemen, et al. v. Buffalo Pumps, Inc., et al.
  CAC 2  08-873            Larry Lindquist, et al. v. Alfa Laval, Inc., et al.
  CAC 2  08-1123           John H. Prince v. CBS Corp., et al.
  CAC 2  08-1296           Robert Reaser, et al. v. Allis-Chalmers Corp. Product Liability Trust, et al.

CALIFORNIA NORTHERN
  CAN 3  08-228            John L. Davis, et al. v. General Electric Co., et al.
  CAN 3  08-229            Betty Rabener, etc. v. General Electric Co., et al.
  CAN 3  08-230            Naomi Beaurman-White, et al. v. General Electric Co., et al.

GEORGIA MIDDLE
  GAM 5  08-53             Jake Bradshaw v. Aventis CropScience USA, Inc., et al.

LOUISIANA MIDDLE
  LAM 3  08-43             Michael T. Hackler v. P&O Ports Louisiana, Inc., et al.
  LAM 3  08-81             George Landess v. Baton Rouge Marine Contractors, Inc., et al.

NORTH CAROLINA EASTERN
  NCE 2  07-63             Tom Wallace, et al. v. A.W. Chesterton Co., et al.
  NCE 4  08-2              Dolcy Lee Hicks, et al. v. Aqua-Chem, Inc., et al.
  NCE 7  07-188            Patricia A. Holt, et al. v. The Anchor Packing Co., et al.
  NCE 7  07-191            Mary E. Flowers v. The Anchor Packing Co., et al.
  NCE 7  07-197            Lynn Reynolds Smythe, et al. v. The Anchor Packing Co., et al.

NORTH CAROLINA MIDDLE
  NCM 1  04-1166           Sallie Mae Hines, etc. v. Anchor Packing Co., et al.
  NCM 1  08-120            Larry D. Clark, et al. v. American Investors, LLC, et al.
  NCM 1  08-146            Harold D. Pritchard, et al. v. A.W. Chesterton Co., et al.