GABRIEL A. JACKSON, State Bar No. 98119
DANIEL D. O'SHEA, State Bar No. 238534
JACKSON & WALLACE LLP
55 Francisco Street, 6th Floor
San Francisco, CA 94133
Tel:   415.982.6300
Fax:   415.982.6700

Attorneys for Defendants
ELECTRIC BOAT CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NAOMI BEAURMAN-WHITE, As Successor-In-Interest To ROBERT L. WHITE, DECEASED; And EMMA WATTS, EDITH MILLIGAN, CORA MELTON, STEPHEN WHITE, As Legal Heirs of ROBERT L. WHITE DECEASED, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GENERAL ELECTRIC COMPANY AND ELECTRIC BOAT COMPANY, et al., <br><br> Defendants. | Case No. 308-CV-00230-EDL <br><br> **ELECTRIC BOAT CORPORATION'S ANSWER TO COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS;** <br><br> **DEMAND FOR JURY TRIAL** <br><br> **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS** |

Defendant ELECTRIC BOAT CORPORATION ("ELECTRIC BOAT or "Defendant") makes the following answer to the allegations made in Plaintiffs' Complaint, filed on January 14, 2008, as follows:

1.   To the extent that paragraph 1 of the complaint consists of allegations of fact as to plaintiffs, ELECTRIC BOAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1, and on such basis the allegations are denied. To the extent that paragraph 1 of the complaint consists of allegations of fact as to other defendants, ELECTRIC BOAT lacks sufficient knowledge or information to form a belief as to the truth of

the allegations of paragraph 1, and on such basis the allegations are denied.

2. To the extent that paragraph 2 of the complaint consists of allegations of fact as to plaintiffs, ELECTRIC BOAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 2, and on such basis the allegations are denied. To the extent that paragraph 2 of the complaint consists of allegations of fact as to other defendants, ELECTRIC BOAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 2, and on such basis the allegations are denied.

3. To the extent that paragraph 3 of the complaint consists of allegations of fact as to plaintiffs, ELECTRIC BOAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 3, and on such basis the allegations are denied. To the extent that paragraph 3 of the complaint consists of allegations of fact as to other defendants, ELECTRIC BOAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 3, and on such basis the allegations are denied.

4. ELECTRIC BOAT denies each and every allegation contained in paragraph

5. To the extent that paragraph 5 of the complaint consists of allegations of fact as to plaintiffs and/or decedents, ELECTRIC BOAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 5, and on such basis the allegations are denied.

6. To the extent that paragraph 6 of the complaint consists of allegations of fact as to plaintiff and/or decedent, ELECTRIC BOAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 6, and on such basis the allegations are denied. To the extent that paragraph 6 of the complaint consists of conclusions of law, ELECTRIC BOAT is not required to respond.

7. To the extent that paragraph 7 of the complaint consists of conclusions of law, ELECTRIC BOAT is not required to respond. To the extent that paragraph 7 of the complaint consists of allegations of fact as to other defendants, ELECTRIC BOAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 7, and on such basis the allegations are denied.

8. To the extent that paragraph 8 of the complaint consists of allegations of fact as to other defendants, ELECTRIC BOAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 8, and on such basis the allegations are denied. ELECTRIC BOAT is a corporation incorporated under the laws of Delaware and having its principal place of business in Connecticut. As to the remaining allegations in paragraph 8, those allegations are denied.

9. To the extent that paragraph 8 of the complaint consists of allegations of fact as to other defendants, ELECTRIC BOAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 8, and on such basis the allegations are denied. ELECTRIC BOAT admits that it is a corporation incorporated under the laws of Delaware and having its principal place of business in Connecticut. ELECTRIC BOAT lacks knowledge or information to form a belief as to the truth of the allegation that this court has original jurisdiction under 25 USC Section 1332 and on such basis denies the allegation.

10. To the extent that paragraph 10 of the complaint consists of conclusions of law, ELECTRIC BOAT is not required to respond to it. To the extent that paragraph 10 of the complaint consists of allegations of facts as to Plaintiff, ELECTRIC BOAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10 and on such basis the allegations are denied. To the extent that paragraph 10 of the complaint consists of allegations of fact as to other defendants, ELECTRIC BOAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10, and on such basis the allegations are denied. ELECTRIC BOAT lacks sufficient knowledge or information to form a belief as to the truth of plaintiff's allegation that the Northern District of California is the proper venue for this case, and on such basis denies the allegation.

11. ELECTRIC BOAT denies each and every allegation in paragraph 11 with respect to ELECTRIC BOAT. ELECTRIC BOAT is without information and belief as to the allegations contained in paragraph 10 with respect to the remaining defendants and on that basis denies each and every allegation therein.

12. ELECTRIC BOAT denies each and every allegation in paragraph 11 with respect

to ELECTRIC BOAT. ELECTRIC BOAT is without information and belief as to the allegations contained in paragraph 12 with respect to the remaining defendants and on that basis denies each and every allegation therein.

13.  ELECTRIC BOAT denies each and every allegation in paragraph 13 with respect to ELECTRIC BOAT. ELECTRIC BOAT is without information and belief as to the allegations contained in paragraph 13 with respect to the remaining defendants and on that basis denies each and every allegation therein.

14.  ELECTRIC BOAT denies each and every allegation in paragraph 14 with respect to ELECTRIC BOAT. ELECTRIC BOAT is without information and belief as to the allegations contained in paragraph 14 with respect to the remaining defendants and on that basis denies each and every allegation therein.

15.  ELECTRIC BOAT denies each and every allegation in paragraph 15 with respect to ELECTRIC BOAT. ELECTRIC BOAT is without information and belief as to the allegations contained in paragraph 15 with respect to the remaining defendants and on that basis denies each and every allegation therein.

16.  ELECTRIC BOAT denies the allegation contained in paragraph 16 that "[p]laintiffs have used, handled, or been otherwise exposed to asbestos and asbestos-containing products referred to herein in a manner that was reasonably foreseeable." ELECTRIC BOAT is without information and belief as to the remaining allegations contained in paragraph 16, and Exhibit A which is incorporated therein by reference, and on that basis denies each and every remaining allegation.

17.  ELECTRIC BOAT denies each and every allegation in paragraph 17, and Exhibit A which is incorporated by reference therein, with respect to ELECTRIC BOAT. ELECTRIC BOAT is without information and belief as to the allegations contained in paragraph 17, and Exhibit A which is incorporated by reference therein, with respect to the remaining defendants and on that basis denies each and every allegation therein.

18.  To the extent that paragraph 18 of the complaint consists of allegations of fact as to Plaintiff, ELECTRIC BOAT lacks sufficient information or knowledge to form a belief as to

the truth of the allegations of paragraph 18, and on such basis the allegations are denied.

19. To the extent that paragraph 18 of the complaint consists of allegations of fact as to Plaintiff, ELECTRIC BOAT lacks sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 18, and on such basis the allegations are denied.

20. ELECTRIC BOAT denies each and every allegation in paragraph 20 with respect to ELECTRIC BOAT. ELECTRIC BOAT is without information or belief as to the allegations contained in paragraph 20 with respect to the remaining defendants and on that basis denies each and every allegation therein.

21. ELECTRIC BOAT denies each and every allegation in paragraph 21 with respect to ELECTRIC BOAT. ELECTRIC BOAT is without information or belief as to the allegations contained in paragraph 21 with respect to the remaining defendants and on that basis denies each and every allegation therein.

22. ELECTRIC BOAT denies each and every allegation in paragraph 22 with respect to ELECTRIC BOAT. ELECTRIC BOAT is without information or belief as to the allegations contained in paragraph 22 with respect to the remaining defendants and on that basis denies each and every allegation therein.

23. ELECTRIC BOAT denies each and every allegation in paragraph 23 with respect to ELECTRIC BOAT. ELECTRIC BOAT is without information or belief as to the allegations contained in paragraph 23 with respect to the remaining defendants and on that basis denies each and every allegation therein.

24. ELECTRIC BOAT denies each and every allegation in paragraph 24 with respect to ELECTRIC BOAT. ELECTRIC BOAT is without information or belief as to the allegations contained in paragraph 24 with respect to the remaining defendants and on that basis denies each and every allegation therein.

25. ELECTRIC BOAT denies each and every allegation in paragraph 24 with respect to ELECTRIC BOAT. ELECTRIC BOAT is without information or belief as to the allegations contained in paragraph 24 with respect to the remaining defendants and on that basis denies each and every allegation therein.

26. ELECTRIC BOAT denies each and every allegation in paragraph 24 with respect to ELECTRIC BOAT. ELECTRIC BOAT is without information or belief as to the allegations contained in paragraph 24 with respect to the remaining defendants and on that basis denies each and every allegation therein.

27. ELECTRIC BOAT denies each and every allegation in paragraph 24 with respect to ELECTRIC BOAT. ELECTRIC BOAT is without information or belief as to the allegations contained in paragraph 24 with respect to the remaining defendants and on that basis denies each and every allegation therein.

28. ELECTRIC BOAT incorporates by this reference, as though fully set forth herein, its responses to the allegations contained in each paragraph of the First Cause of Action in the complaint.

29. ELECTRIC BOAT denies each and every allegation in paragraph 29 with respect to ELECTRIC BOAT. ELECTRIC BOAT is without information or belief as to the allegations contained in paragraph 29 with respect to the remaining defendants and on that basis denies each and every allegation therein.

30. ELECTRIC BOAT denies each and every allegation with respect to ELECTRIC BOAT and is without information and belief as to those same remaining allegations with respect to the remaining defendants and on that basis denies each and every remaining allegation.

31. ELECTRIC BOAT denies each and every allegation with respect to ELECTRIC BOAT and is without information and belief as to those same remaining allegations with respect to the remaining defendants and on that basis denies each and every remaining allegation.

29. ELECTRIC BOAT denies each and every allegation in paragraph 29 with respect to ELECTRIC BOAT. ELECTRIC BOAT is without information or belief as to the allegations contained in paragraph 29 with respect to the remaining defendants and on that basis denies each and every allegation therein.

30. ELECTRIC BOAT denies each and every allegation in paragraph 30 with respect to ELECTRIC BOAT. ELECTRIC BOAT is without information or belief as to the allegations contained in paragraph 30 with respect to the remaining defendants and on that basis denies each

and every allegation therein.

31. To the extent that paragraph 31 of the complaint consists of allegations of facts as to Plaintiffs and/or decedents, ELECTRIC BOAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 31 and on such basis the allegations are denied. ELECTRIC BOAT denies each and every allegation in paragraph 31 with respect to ELECTRIC BOAT. ELECTRIC BOAT is without information or belief as to the allegations contained in paragraph 31 with respect to the remaining defendants and on that basis denies each and every allegation therein.

32. ELECTRIC BOAT denies each and every allegation in paragraph 32 with respect to ELECTRIC BOAT. ELECTRIC BOAT is without information or belief as to the allegations contained in paragraph 32 with respect to the remaining defendants and on that basis denies each and every allegation therein.

33. ELECTRIC BOAT denies each and every allegation in paragraph 33 with respect to ELECTRIC BOAT. ELECTRIC BOAT is without information or belief as to the allegations contained in paragraph 33 with respect to the remaining defendants and on that basis denies each and every allegation therein.

34. ELECTRIC BOAT denies each and every allegation in paragraph 34 with respect to ELECTRIC BOAT. ELECTRIC BOAT is without information or belief as to the allegations contained in paragraph 34 with respect to the remaining defendants and on that basis denies each and every allegation therein.

35. ELECTRIC BOAT denies each and every allegation in paragraph 35 with respect to ELECTRIC BOAT. ELECTRIC BOAT is without information or belief as to the allegations contained in paragraph 35 with respect to the remaining defendants and on that basis denies each and every allegation therein.

36. ELECTRIC BOAT denies each and every allegation in paragraph 36 with respect to ELECTRIC BOAT. ELECTRIC BOAT is without information or belief as to the allegations contained in paragraph 36 with respect to the remaining defendants and on that basis denies each and every allegation therein.

37. ELECTRIC BOAT denies each and every allegation in paragraph 37 with respect to ELECTRIC BOAT. ELECTRIC BOAT is without information or belief as to the allegations contained in paragraph 37 with respect to the remaining defendants and on that basis denies each and every allegation therein.

38. ELECTRIC BOAT denies each and every allegation in paragraph 38 with respect to ELECTRIC BOAT. ELECTRIC BOAT is without information or belief as to the allegations contained in paragraph 38 with respect to the remaining defendants and on that basis denies each and every allegation therein.

39. ELECTRIC BOAT incorporates by this reference, as though fully set forth herein, its responses to the allegations contained in each paragraph of the First Cause of Action in the complaint.

40. To the extent that paragraph 31 of the complaint consists of allegations of facts as to Plaintiffs and/or decedents, ELECTRIC BOAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10 and on such basis the allegations are denied.

41. To the extent that paragraph 31 of the complaint consists of allegations of facts as to Plaintiffs and/or decedents, ELECTRIC BOAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10 and on such basis the allegations are denied.

42. ELECTRIC BOAT denies each and every allegation in paragraph 42 with respect to ELECTRIC BOAT and is without information and belief as to those same remaining allegations with respect to the remaining defendants and on that basis denies each and every remaining allegation.

43. To the extent that paragraph 31 of the complaint consists of allegations of facts as to Plaintiffs and/or decedents, ELECTRIC BOAT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10 and on such basis the allegations are denied.

44. ELECTRIC BOAT denies each and every allegation in paragraph 44 with respect

to ELECTRIC BOAT. ELECTRIC BOAT is without information or belief as to the allegations contained in paragraph 44 with respect to the remaining defendants and on that basis denies each and every allegation therein.

45.   ELECTRIC BOAT denies each and every allegation in paragraph 45 with respect to ELECTRIC BOAT. ELECTRIC BOAT is without information or belief as to the allegations contained in paragraph 45 with respect to the remaining defendants and on that basis denies each and every allegation therein.

### AFFIRMATIVE DEFENSES

By alleging the Separate and Additional Affirmative Defenses set forth below, ELECTRIC BOAT is not in any way agreeing or conceding that it has the burden of proof or burden of persuasion on any of these issues.

*FIRST AFFIRMATIVE DEFENSE*

Neither the Complaint nor any purported cause of action alleged by the plaintiff therein states facts sufficient to constitute a cause of action against Defendant.

*SECOND AFFIRMATIVE DEFENSE*

Neither the Complaint nor any purported cause of action alleged therein states facts sufficient to entitle plaintiff to an award of punitive damages against Defendant.

*THIRD AFFIRMATIVE DEFENSE*

The imposition of any punitive damages in this matter would deprive Defendant of its property without due process of law under the California Constitution and United States Constitution.

*FOURTH AFFIRMATIVE DEFENSE*

The imposition of any punitive damages in this matter would violate the United States Constitution's prohibition against laws impairing the obligation of contracts.

*FIFTH AFFIRMATIVE DEFENSE*

The imposition of any punitive damages in this matter would constitute a criminal fine or penalty and should, therefore, be remitted on the ground that the award violates the United States Constitution.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's action, and each alleged cause of action, is barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure, sections 335.1, 338, 340.2, and 340(3).

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff unreasonably delayed in bringing this action, without good cause therefore, and thereby has prejudiced Defendant as a direct and proximate result of such delay; accordingly, his action is barred by laches and by section 583.110 *et. seq.* of the Code of Civil Procedure.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff was negligent in and about the matters alleged in the Complaint and in each alleged cause of action; this negligence proximately caused, in whole or in part, the damages alleged in the Complaint. In the event plaintiff is entitled to any damages, the amount of these damages should be reduced by the comparative fault of plaintiff and any person whose negligent acts or omissions are imputed to plaintiff.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff knowingly, voluntarily and unreasonably undertook to encounter each of the risks and hazards, if any, referred to in the Complaint and each alleged cause of action, and this undertaking proximately caused and contributed to any loss, injury or damages incurred by plaintiff.

### TENTH AFFIRMATIVE DEFENSE

Any loss, injury or damage incurred by plaintiff was proximately caused by the negligent or willful acts or omissions of parties whom Defendant neither controlled nor had the right to control, and was not proximately caused by any acts, omissions or other conduct of Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

The products referred to in the Complaint were misused, abused or altered by plaintiff or by others; the misuse, abuse or alteration was not reasonably foreseeable to Defendant, and proximately caused any loss, injury or damages incurred by plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to exercise due diligence to mitigate his loss, injury or damages; accordingly, the amount of damages to which plaintiff is entitled, if any, should be reduced by the amount of damages which would have otherwise been mitigated.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the matters alleged in the Complaint because the Complaint and each alleged cause of action against Defendant are barred by the provisions of California Labor Code, section 3600, et seq.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that at the time of the injuries alleged in the Complaint, plaintiff was employed and was entitled to receive Workers' Compensation benefits from his employer's workers' compensation insurance carrier; that all of plaintiff's employers, other than Defendant, were negligent in and about the matters referred to in said Complaint, and that such negligence on the part of said employers proximately and concurrently contributed to the happening of the accident and to the loss or damage complained of by plaintiff, if any there were; and that by reason thereof Defendant is entitled to set off and/or reduce any such workers' compensation benefits received or to be received by plaintiff against any judgment which may be rendered in favor of plaintiff. (*Witt v. Jackson*, 57 Cal.2d 57, 366 P.2d 641)

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that at the time of the injuries alleged in the Complaint, plaintiff's employers were negligent in and about the matters referred to in said Complaint, and that such negligence on the part of said employers proximately and concurrently contributed to any loss or damage, including non-economic damages, complained of by plaintiff, if any there were; and that Defendant is not liable for said employers' proportionate share of non-economic damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that at the time of the injuries alleged in the Complaint, parties other than this Defendant were negligent in and about the matters referred to in said Complaint, and that such negligence on the part of said parties proximately and concurrently contributed to any loss or damage, including non-economic damages, complained of by plaintiff, if any there were;

1  and that Defendant herein shall not be liable for said parties' proportionate share of non-economic
2  damages pursuant to California Civil Code Sections 1431.1 through 1431.5.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that at all times relative to matters alleged in the Complaint, all of plaintiff's employers, other than Defendant, were sophisticated users of asbestos-containing products and said employers' negligence in providing the product to their employees in a negligent, careless and reckless manner was a superseding cause of plaintiff's injuries, if any.

### EIGHTEENTH AFFIRMATIVE DEFENSE

If plaintiff has received, or in the future may receive, Worker's Compensation benefits from Defendant under the Labor Code of the State of California as a consequence of the alleged industrial injury referred to in the Complaint, and in the event plaintiff is awarded damages against Defendant, Defendant claims a credit against this award to the extent that Defendant is barred from enforcing its rights to reimbursement for Worker's Compensation benefits that plaintiff has received or may in the future receive.

### NINETEENTH AFFIRMATIVE DEFENSE

If plaintiff has received, or in the future may receive Worker's Compensation benefits from Defendant under the Labor Code of the State of California as a consequence of the alleged industrial injury referred to in the Complaint, Defendant demands repayment of any such Worker's Compensation benefits in the event that plaintiff recovers tort damages as a result of the industrial injury allegedly involved here. Although Defendant denies the validity of plaintiff's claims, in the event those claims are held valid and not barred by the statute of limitations or otherwise, Defendant asserts that cross-demands for money have existed between plaintiff and Defendant and the demands are compensated, so far as they equal each other, pursuant to California Code of Civil Procedure section 431.70.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant denies any and all liability to the extent that plaintiff asserts Defendant's alleged liability as a successor, successor in business, assign, predecessor, predecessor in business, parent, alter-ego, subsidiary, wholly or partially owned by, or the whole or partial owner

of or member in an entity researching, studying, manufacturing, fabricating, designing, labeling, assembling, distributing, leasing, buying, offering for sale, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising a certain substance, the generic name of which is asbestos.

### *TWENTY-FIRST AFFIRMATIVE DEFENSE*

Defendant alleges that its products, if any, were manufactured, produced, supplied, sold and distributed in mandatory conformity with specifications promulgated by the United States Government under its war powers, as set forth in the United States Constitution, and that any recovery by plaintiff(s) on the Complaint on file herein is barred in consequence of the exercise of those sovereign powers.

### *TWENTY-SECOND AFFIRMATIVE DEFENSE*

Plaintiff's action, and each alleged cause of action, is barred by the terms and provisions of California Code of Civil Procedure section 361.

### *TWENTY-THIRD AFFIRMATIVE DEFENSE*

Defendant alleges that causes of action, if any, attempted to be stated in plaintiff's complaint are barred in whole or in part by the equitable doctrine of waiver and estoppel.

### *TWENTY-FOURTH AFFIRMATIVE DEFENSE*

Defendant alleges that plaintiff and plaintiff HUGH ELLIOTT do not assert any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and that no question of law or fact common to both plaintiffs will arise in the action, and that therefore plaintiffs have been improperly joined in one action.

### *TWENTY-FIFTH AFFIRMATIVE DEFENSE*

This court lacks personal jurisdiction over Defendant.

### **PRAYER**

WHEREFORE, Defendant prays:

(1) That plaintiff takes nothing by his Complaint;

(2) That Judgment be entered in favor of Defendant;

1  (3) For recovery of Defendant's costs of suit;

2  (4) For appropriate credits and set-offs arising out of any payment of Worker's

3  Compensation benefits as alleged above; and

4  (5) For such other and further relief as the Court deems just and proper.

6  Dated:  April 27, 2008                    JACKSON & WALLACE LLP

8                                             By: _____
9                                                 DANIEL D. O'SHEA
                                                  Attorney for Defendants
                                                  ELECTRIC BOAT CORPORATION

## JURY DEMAND

PLEASE TAKE NOTICE that defendant ELECTRIC BOAT hereby demands a trial by jury in the above-entitled action and estimates that the length of trial will be six to eight weeks in duration.

Dated: April 27, 2008

JACKSON & WALLACE LLP

By: _____
DANIEL D. O'SHEA
Attorney for Defendants
ELECTRIC BOAT CORPORATION

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: April 27, 2008

JACKSON & WALLACE LLP

By: _____
DANIEL D. O'SHEA
Attorney for Defendants
ELECTRIC BOAT CORPORATION

| | |
|---|---|
| 1 | GABRIEL A. JACKSON, State Bar No. 98119 |
| | DANIEL D. O'SHEA, State Bar No. 238534 |
| 2 | JACKSON & WALLACE LLP |
| | 55 Francisco Street, 6th Floor |
| 3 | San Francisco, CA 94133 |
| | Tel:   415.982.6300 |
| 4 | Fax:   415.982.6700 |
| 5 | Attorneys for Defendants |
| | ELECTRIC BOAT CORPORATION |
| 6 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| 12 | NAOMI BEAURMAN-WHITE, As Successor-In-Interest To ROBERT L. WHITE, DECEASED; And EMMA WATTS, EDITH MILLIGAN, CORA MELTON, STEPHEN WHITE, As Legal Heirs of ROBERT L. WHITE DECEASED, et al., | Case No. 308-CV-00230-EDL |
| | | **NOTICE OF TAG-ALONG ACTION** |
| | | **Multi-District Rule 7.5(e)** |
| 16 | Plaintiffs, | |
| 17 | v. | |
| 18 | GENERAL ELECTRIC COMPANY AND ELECTRIC BOAT COMPANY, et al., | |
| | Defendants. | |

**PLEASE TAKE NOTICE** that on July 29, 1991 the Judicial Panel of Multi-District Litigation ("MDL Panel") entered an order transferring all asbestos actions pending in the federal courts to the United States District Court, Eastern District of Pennsylvania, for coordinated pretrial proceedings pursuant to 28 U.S.C. Section 1207 ("MDL Transfer Order"). The MDL Transfer Order also applies to "tag-along actions," which refers to a civil action pending in a district court and involving common questions of fact with actions previously transferred under section 1407 by the Judicial Panel of Multi-District Litigation pursuant to a January 17, 1991 Order to Show Cause. See Multi-District Litigation Rules ("MDL Rules"), Rule 11.

Pursuant to MDL Rule 7.5(c):

Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under section 1407 shall notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

Defendant ELECTRIC BOAT hereby notifies that Court that is case is a potential "tag-along action" which may be subject to transfer to the United States District Court, Eastern District of Pennsylvania. ELECTRIC BOAT has forwarded a copy of this notice to the Clerk of the MDL Panel. The Clerk of the MDL Panel may either (1) enter a conditional transfer order pursuant to the MDL Rule 7.4(a), or (2) file an order to show cause why this action should not be transferred, pursuant to MDL Rule 7.5(b).

Dated:  April 27, 2008

JACKSON & WALLACE LLP

By: _____
DANIEL D. O'SHEA
Attorney for Defendants
ELECTRIC BOAT CORPORATION